**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 99-6104**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL BENJAMIN KELLY, a/k/a Tiz,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CR-94-163, CA-98-569-2)

———————————

Submitted: June 29, 1999          Decided: July 15, 1999

———————————

Before MURNAGHAN and TRAXLER, Circuit Judges, BUTZNER, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Samuel Benjamin Kelly, Appellant Pro Se. Laura P. Tayman, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Samuel Benjamin Kelly seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court.[*] See United States v. Kelly, Nos. CR-94-163; CA-98-569-2 (E.D. Va. Nov. 17, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] We are mindful that the Supreme Court's recent decision in Richardson v. United States, 119 S.Ct. 1707 (1999), overrules our holding in United States v. Hall, 93 F.3d 126, 129 (4th Cir. 1996), cited by the district court, that the jury need not agree on the specific drug offenses committed by a defendant to find him guilty of a continuing criminal enterprise. Richardson is of no avail to Kelly, however, because he did not raise the jury unanimity claim prior to collateral proceedings, and the district properly rejected his claim that ineffective assistance of counsel constituted cause for his default. See United States v. McNamara, 74 F.2d 514, 516-17 (4th Cir. 1996) (finding counsel not ineffective for failing to object to jury instruction that comported with circuit law applicable at the time).

2